UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO: 1:22-CR-183 |
| | ) | |
| | ) | |
| JOHN OXENDINE, | ) | |
|     Defendant. | ) | |

_____

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT OXENDINE'S MOTION TO DISMISS SUPERSEDING INDICTMENT

COMES NOW defendant John Oxendine, by and through undersigned counsel, and files this reply to the government's response in opposition to defendant's motion to dismiss superseding indictment. In support thereof, Mr. Oxendine shows this Court the following.

**The Indictment Fails to Allege All Elements of the Offense**

Though an indictment must track the language of a statute, it must not *only* track the language of a statute, as suggested by the government. Doc. 56. In its response brief, the government cites United States v. Jordan, 582 F. 3d 1239, 1245 (11th Cir. 2009), where the indictment tracked the language of the statute and also alleged specific facts as to defendants' roles in the conspiracy. Id. (citing the

indictment: "defendants required employees of the Sheriff's office to access the NCIC and ACJIS databases, obtain printouts of the criminal records of absentee voters, and then deliver the printouts, which as property of the United States had a value in excess of $1,000 to Jordan for use in Woodward's election contest.") The government cites a footnote in United States v. Adkinson, 135 F.3d 1363, 1375 (11th Cir. 1998): "[a]n indictment need do little more than track the language of the statute charged to be sufficient." In that case, the indictment was found insufficient.

In this case, the indictment is also insufficient, as it fails to do any more than track the language of the statute. Id. As compared to the indictment in Jordan, the indictment here fails to set forth any allegations of fact beyond the language of the statute. While an indictment need not "allege in detail the factual proof that will be relied upon to support the charges," it cannot rely *solely* on the statutory language, as it does here. The indictment fails to allege that Mr. Oxendine had any knowledge that claims being submitted by Dr. Gallups' practice were false, as required by the statute. Instead, it alleges acts which, without criminal intent or knowledge, do not violate the law. Such empty allegations cannot constitute what the government describes as "a detailed description of the nature of the charged conspiracy" if it never alleges how Mr. Oxendine played a knowing role in such conspiracy. Doc. 56, p. 7.

For the above-stated reasons, Mr. Oxendine's motion to dismiss the superseding indictment should be granted.

Respectfully submitted,

*/s/ Drew Findling*
Drew Findling
Bar No. 260425

*/s/ Marissa Goldberg*
Marissa Goldberg
Bar No. 672798

Findling Law Firm P.C.
3575 Piedmont Rd. NE
Tower 15, Suite 1010
Atlanta, Georgia 30305
(404) 460-4500
Drew@findlinglawfirm.com
Marissa@findlinglawfirm.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO: 1:22-CR-183 |
| | ) | |
| | ) | |
| JOHN OXENDINE, | ) | |
| Defendant. | ) | |

_____

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of the within and foregoing:

REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT

By electronic service to:

    AUSA Chris Huber

This 28th day of July, 2023.

                                    Respectfully submitted,

                                    */s/ Marissa Goldberg*
                                    Marissa Goldberg
                                    Bar No. 672798