UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO: 1:22-CR-183 |
| | ) | |
| | ) | |
| JOHN OXENDINE, | ) | |
| Defendant. | ) | |

_____

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT OXENDINE'S MOTION FOR BILL OF PARTICULARS

COMES NOW defendant John Oxendine, by and through undersigned counsel and files this reply to the government's response in opposition to his motion for bill of particulars. In support thereof, Mr. Oxendine shows this Court as follows.

Mr. Oxendine agrees with the government that where the indictment tracks the language of the statutes involved *and* adequately informs the defendant of the charges against him, a bill of particulars is unnecessary. United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985). Unfortunately, the indictment in this case fails to adequately inform Mr. Oxendine of the charges against him, beyond simply repeating the language of the statute. This failure prejudices Mr. Oxendine in preparing his defense. United States v. Reddy, 1:09-CR-0483-ODE-AJB, 2010 WL

3210842 (N.D. Ga. Apr. 5, 2010), report and recommendation adopted as modified, 2010 WL 32110129 (N.D. Ga. Aug. 11, 2010).

In Reddy, this Court held that "[a] bill of particulars may be obtained to clarify an indictment as long as it does not seek to determine in advance the government's proof." Id. (citing United States v. Johnson, 575 F. 2d 1347 (5th Cir. 1978). Such is precisely the case here. Mr. Oxendine does not request that the government divulge its prosecution strategy or a "detailed exposition of its evidence," as in United States v. Maurya, 25 F. 4th 829, 837-38 (11th Cir. 2022) (citing United States v. Burgin, 621 F. 2d 1352, 1359 (5th Cir. 1980). Mr. Oxendine does not request even the "essential facts" regarding the alleged conspiracy, or "all overt acts that might be proven at trial." Id.; United States v. Rosenthal, 793 F. 2d 1214, 1227 (11th Cir.), modified, 801 F. 2d 378 (11th Cir. 1986). Rather, Mr. Oxendine requests *clarity* regarding his alleged role in the acts described in the indictment. Such clarity is necessary – nay, crucial – to an adequate defense, even at the expense of disclosing the government's evidence or theories, as this Court explained in Reddy:

> [I]t is proper for a defendant to be furnished with further information regarding the charge when it is necessary for preparation of his defense and even though the granting of the motion requires the supplying of information "which in other circumstances would not be required because evidentiary in nature." United States v. Smith, 16 F.R.D. 372, 375 (W.D. Mo. 1954); United States v. Carrier, 672 F. 2d 300 (2nd Cir. 1981) ("[A bill of particulars] may provide the

defendant with the evidentiary details needed to establish his defense."). Even if in providing those details in a bill of particulars, the government's evidence or theories are somehow disclosed, the bill of particulars still might be proper. United States v. Thevis, 474 F. Supp. 117, 123 (N.D. Ga. 1979); Wright, Federal Practice and Procedure Criminal 2d § 129. Finally opposition to a bill of particulars I not properly made out by a claim that the defendant "knows what he did, and, therefore, has all the information necessary." United Sates v. Moore, 57 F.R.D. 640, 643 (N.D. Ga. 1972).

United States v. Reddy, 1:09-CR-0483-ODE-AJB, 2010 WL 3210842 (N.D. Ga. Apr. 5, 2010).

The government's response in the case at bar does exactly what this Court denounced in Reddy, it essentially says "he knows what he did, and therefore has all the information necessary." Doc. 60, p. 7 ("This information is the sort that he has direct knowledge of." He is entitled to more.

The indictment alleges actions taken by Mr. Oxendine that, by themselves, do not constitute criminal acts – appearing at a conference or being present at a meeting, to name two examples. The indictment provides no information as to how Mr. Oxendine's presence at a meeting, for example, contributes to his alleged criminal culpability. Much of the indictment focuses on a medical practice, which Mr. Oxendine was not the owner, founder, or even an employee of, which allegedly ordered genetic tests that were medically unnecessary. The indictment provides no information as to how Mr. Oxendine, who again is not an employee or

anyone with authority within that practice, could have played a role in the ordering of genetic tests, which is a routine act taken by doctors and professionals in medical practices, and is subject to checks and balances within that organization.

Mr. Oxendine is charged with two criminal offenses which carry grave consequences. To adequately prepare his defense, he must first be provided enough information to comprehend exactly what the government is alleging. The indictment fails to provide that information.

Accordingly, even if it means disclosing more information than the government would like, Mr. Oxendine's Motion for a Bill of Particulars should be granted and the government must respond with all necessary information so that Mr. Oxendine can prepare for trial. The interests of justice demand it.

Respectfully submitted,


_/s/ Drew Findling_
Drew Findling
Bar No. 260425


_/s/ Marissa Goldberg_
Marissa Goldberg
Bar No. 672798

Findling Law Firm P.C.
3575 Piedmont Rd. NE
Tower 15, Suite 1010

Atlanta, Georgia 30305
(404) 460-4500
Drew@findlinglawfirm.com
Marissa@findlinglawfirm.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA     )
          Plaintiff             )
                            )
vs.                            )       CASE NO: 1:22-CR-183
                            )
                            )
JOHN OXENDINE,           )
           Defendant.         )
_____

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in

the foregoing matter with a copy of the within and foregoing:

REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO

DEFENDANT'S MOTION FOR BILL OF PARTICULARS

By electronic service to:

       AUSA Chris Huber

This 28th day of July, 2023.

                          Respectfully submitted,

                          */s/ Marissa Goldberg*
                          Marissa Goldberg
                          Bar No. 672798