UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>      Plaintiff )<br> )<br>vs. )<br> )<br> )<br>JOHN OXENDINE, )<br>      Defendant. )<br>_____ | CASE NO: 1:22-CR-183 |

<u>DEFENDANT'S OBJECTIONS TO FINAL REPORT AND</u>

<u>RECOMMENDATION</u>

COMES NOW, the defendant, Mr. John Oxendine, and files his objections to the Magistrate Judge's Report and Recommendation, Doc. 66, which recommends that his Motion to Dismiss Superseding Indictment, Motion to Dismiss Count Two as Time Barred, Motion to Suppress Statements, Motion for a Bill of Particulars, and Motion to Strike Surplusage all be denied by this Court.

<u>Objection #1: Defendant's Motion to Dismiss Superseding Indictment</u>

Mr. Oxendine objects to any finding that the indictment satisfies the requirements of the Fifth and Sixth Amendments to the United States Constitution. Fed. R. Crim. P. 7(c)(1) states clearly that the indictment must provide "a plain, concise, and definite statement of the *essential facts* constituting the offense charged." Though Mr. Oxendine is charged with conspiracy to commit healthcare

fraud, rather than substantive healthcare fraud which requires a higher showing, the government must still show that Mr. Oxendine knew of the "essential nature of the conspiracy." Doc. 66 at 8; Doc. 56 at 7-8. The indictment at bar fails to allege facts which support even "an inference" that Mr. Oxendine had knowledge of a conspiracy between himself and others to affect the submission of medically unnecessary tests. United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998). Accordingly, the indictment should be dismissed.

> Objection #2: Defendant's Motion to Dismiss Count Two as Time Barred

The Government and the Magistrate Judge assert that because Mr. Oxendine is charged with conspiracy offenses, the government is not required to plead an overt act. United States v. Abrue, 976 F. 3d 1263, 1272 (11th Cir. 2020) (conspiracy to commit healthcare fraud does not require an overt act). However, all parties agree that the timeliness of both counts rests on one $42 check on or about June 14, 2017. The indictment provides no information as to the purpose of the check or how it was used as part of a criminal conspiracy, rather than as an innocuous payment. Accordingly, if the government cannot connect that one check to the alleged conspiracy, all other alleged offenses fall outside the statutory timeframe and the Count Two of the indictment should be dismissed as time barred.

> Objection #3: Defendant's Motion to Suppress Statements

Any statements made by Mr. Oxendine on September 22, 2020 were obtained by the Government in violation of Mr. Oxendine's Fifth and Sixth Amendment rights and should be suppressed. The Magistrate Judge suggests that because Mr. Oxendine is a "career politician and licensed attorney" he is somehow immune from government coercion. Doc. 66 at 22. The report provides no support for such a contention, and Mr. Oxendine's professional background certainly does not prevent him, as it would not prevent anyone, from falling prey to a custodial interrogation. Neither does it matter that the two government agents interrogating Mr. Oxendine were "of small physical stature compared to Mr. Oxendine." Doc. 66 at 21. Mr. Oxendine's statement was not given voluntarily and must be suppressed.

<u>Objection #4: Defendant's Motion for Bill of Particulars</u>

The indictment fails to adequately inform Mr. Oxendine of the charges against him, and a Bill of Particulars is appropriate to "allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." <u>United States v. Warren</u>, 772 F. 2d 827, 837 (11th Cir. 1985). The Report alleges that the indictment "supplies a plethora of information," but none of the information in the indictment adequately informs Mr. Oxendine as to *his* alleged involvement in the scheme. Instead, the indictment delineates alleged fraudulent activities undertaken by Dr.

Gallups and those within his practice. Insofar as the indictment does allege acts taken by Mr. Oxendine, it is unclear how the government alleges the acts – which by themselves are innocuous – fit into the alleged conspiracy. Accordingly, Mr. Oxendine's Motion for a Bill of Particulars should be granted.

### Objection #5: Defendant's Motion to Strike Surplusage

The term "kickbacks" is irrelevant, unfairly prejudicial and inflammatory and must be stricken from the indictment. The word "kickback" is a term of art which is highly inflammatory, and which could be replaced by other, less-inflammatory language with the same meaning. The Magistrate Judge's Report contends that the word is not *unduly* prejudicial, but provides no relevant authority for that conclusion. Doc. 66 at 30. Instead, it cites to United States v. Sciandra, 529 F. Supp. 320, 322 (D.C.N.Y. 1982), where a New York District Court refused to strike the word "sham" from the indictment because it was "not only relevant, but in fact the gist of the case." Id. Here, the alleged "kickbacks" are not the "gist of the case" – Mr. Oxendine is not charged with violating the Anti-Kickback Statute, he is charged with a conspiracy to commit healthcare fraud. Instead, the inclusion of the word "kickbacks" calls to mind the criminal kickback statute for which Mr. Oxendine is not charged with violating. It is nothing but unduly prejudicial language.. The Government is capable of describing the payments with less-

inflammatory language and should be required to do so. Mr. Oxendine's Motion to Strike Surplusage should be granted.

## CONCLUSION

Based on the foregoing reasons, Mr. Oxendine's Motion to Dismiss Superseding Indictment, Motion to Dismiss Count Two as Time Barred, Motion to Suppress Statements, Motion for a Bill of Particulars, and Motion to Strike Surplusage should all be granted by this Court.

Respectfully submitted,

*/s/ Drew Findling*
Drew Findling
Bar No. 260425

*/s/ Marissa Goldberg*
Marissa Goldberg
Bar No. 672798

Findling Law Firm P.C.
3575 Piedmont Rd. NE
Tower 15, Suite 1010
Atlanta, GA 30305
404-460-4500
Drew@findlinglawfirm.com
marissa@findlinglawfirm.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>      Plaintiff  )<br>      )<br>vs.  )<br>      )<br>      )<br>JOHN OXENDINE,  )<br>      Defendant.  ) | CASE NO: 1:22-CR-183 |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of the within and foregoing motion:

DEFENDANT'S OBJECTIONS TO THE FINAL REPORT AND RECOMMENDATION

By electronic service to:

    AUSA Chris Huber

This 11th day of September, 2023.

                                Respectfully submitted,

                                */s/ Marissa Goldberg*
                                Marissa Goldberg
                                Bar No. 672798